### 8663.   BOYD COMPANY *v.* DAVIS.

The reasonable value of the services of a person conducting an auction as a private individual can not be illustrated by testimony as to commissions for sheriff's sales, such commisions being fixed by law as emoluments of the sheriff's office.

DECIDED JULY 25, 1917.

Complaint; from Calhoun superior court—Judge Cox.   December 30, 1916.

*Pope & Bennet, C. J. Taylor, Yeomans & Wilkinson,* for plaintiff in error.   *B. W. Fortson,* contra.

BROYLES, P. J.   1.   This was a suit by an auctioneer, who happened to be also the sheriff of his county, for the recovery of commissions for conducting a sale of property.   He conducted the sale as a private individual and not in his official capacity of sheriff. Although the petition was not specifically divided into counts, the pleader evidently intended it to contain two counts.   The first one was based on an alleged express contract for specific commissions, and the second was based on a quantum meruit for the reasonable worth of his services.   A verdict for $330 and interest was returned for the plaintiff.   While the plaintiff was being examined as a witness, and while testifying as to the reasonable worth of the services sued for, the court allowed him to testify, over timely and appropriate objections from the defendant, as to what commissions a sheriff received for selling property; and, in overruling the objections to this evidence, the judge remarked:   "That might illustrate the value of his services."   What a sheriff receives for his official services in selling property furnishes no light as to what would be a reasonable price for the services of a private auctioneer. The fees of a sheriff are fixed by law and are emoluments of his office, and do not purport to measure merely the reasonable value of the services rendered by him.   When he conducts an official sale he has many other duties connected therewith that are not imposed upon a private auctioneer.   He may become liable as a trespasser for an illegal levy and sale; and he is required to put

the purchaser in possession of the property, and to see to it that the fund derived from the sale of the property is properly applied. It is clear, therefore, that the amount of his fees as sheriff for selling property furnishes no criterion whatever to measure the value of reasonable compensation for a private auctioneer. This ruling of the trial judge, therefore, was harmful error, and requires a reversal of the judgment overruling the motion for a new trial; it not appearing under which count the verdict was returned.

2. It is unnecessary to consider the other alleged errors, since it is not probable that they will recur upon the next trial of the case. Likewise, the question as to the sufficiency of the evidence to support the verdict is not passed upon.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*